IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GUSTAVO VEGA-FLORES,

        Petitioner,

v.

BRANDON KELLY,

        Respondent.

No. 6:21-cv-01106-JE

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge John Jelderks issued a Findings and Recommendation on March 20, 2024, in which he recommends that this Court deny the request for an evidentiary hearing, deny the Petition for Writ of Habeas Corpus, dismiss this matter with prejudice, and decline to issue a certificate of appealability. F&R, ECF 69. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Petitioner filed timely objections to the Magistrate Judge's Findings and Recommendation. Pet. Obj., ECF 74. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

As the Magistrate Judge noted in the Findings and Recommendation, the evidence indicates Petitioner was focused entirely on the two-year statute of limitations in his state PCR case. In fact, Petitioner testified in his Declaration that he was not aware that he had only one year to file for federal habeas corpus relief until he obtained counsel for his § 2254 petition. F&R at 7; Pet. Exs., ECF 47, Ex. A ¶ 33. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)(A petitioner's lack of awareness regarding the AEDPA's statute of limitations is not an extraordinary circumstance that warrants equitable tolling). In addition, as the Magistrate Judge explained, the record reflects Petitioner was transferred to the Snake River Correctional Institution on April 12, 2017, and in his first three months there had drafted his state PCR petition by July 17, 2017, which was three days before he was placed in the Disciplinary Segregation Unit ("DSU") for 102 days. Petitioner was released from the DSU on October 30, 2017, but did not file his state PCR or a federal habeas petition before he was again placed in the DSU on June 18, 2018, by which time the one-year limitations period for his federal habeas petition had already passed.[1] The record reflects Petitioner had 174 days of the limitations period during which he was not in the DSU available

---

[1] The one-year limitations period passed on January 13, 2018, one year from the date on which his direct appeal was final.

to timely file his federal habeas petition, but he did not despite having drafted his state PCR petition. After reviewing the pertinent portions of the record *de novo* and considering Petitioner's objections, the Court finds no error in the Magistrate Judge's Findings and Recommendation and concludes that there is no basis to modify the Findings and Recommendation.

## CONCLUSION

The Court ADOPTS Magistrate Judge Jelderks' Findings and Recommendation, ECF 69. Therefore, the Court DENIES the request for an evidentiary hearing, DENIES the Petition for Writ of Habeas Corpus, ECF 2;  DISMISSES this matter with prejudice; and DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: May 22, 2024.

_____
MARCO A. HERNÁNDEZ
United States District Judge